WHATLEY, Judge.
The state challenges a trial court order granting a motion filed by the appellees, Rickey and Vickie Stepp, to suppress evidence of contraband found in their possession. We conclude that the trial court committed no error here and affirm.
The Stepps were charged by information with possession of a controlled substance after a search warrant was executed at their home. Prior to obtaining the warrant, a confidential informant had made a controlled buy of drugs from the Stepps. After the buy, the confidential informant advised law enforcement of a handgun under a seat cushion in the home, as well as the presence of a rifle or a shotgun therein.
Law enforcement deemed execution of the instant warrant to be high risk; however, the affidavit for the search warrant made no mention of weapons in the home. The original police report also failed to indicate the presence of weapons at the Stepps’ residence. Neither the confidential informant nor anyone else indicated that the Stepps had a propensity for violence.
*376 The search warrant was executed by the Hillsborough County Emergency Response Team. At the hearing on the Stepps’ motion to suppress, it was stipulated that entry into the Stepps’ home was immediate after law enforcement knocked and announced their presence. Eight deputies ultimately entered the home. Two rifles were found; however, no ammunition for those weapons was recovered.
The trial court granted the motion to suppress, finding that the execution of the search warrant constituted a no-knock search without exigent circumstances. The search of the Stepps’ home was, therefore, determined to be invalid. The trial court was correct in its analysis. See State v. Bomber, 630 So.2d 1048 (Fla.1994); Craft v. State, 638 So.2d 1011 (Fla. 2d DCA 1994).
Affirmed.
DANAHY, A.C.J., and LAZZARA, J., concur.